1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10     GS HOLISTIC LLC,                 CASE NO. C23-0411JLR

11                  Plaintiff,           ORDER

12        v.

13     VAPE SAVVY LLC, et al.,

14                 Defendants.

15            **I.**      **INTRODUCTION**

16       Before the court is Defendants Vape Savvy LLC ("Vape Savvy") and Jason

17 Stanifer's (together, "Defendants") motion to dismiss. (MTD (Dkt. # 21); Reply (Dkt.

18 # 24).) Plaintiff GS Holistic, LLC ("GS Holistic") opposes the motion. (Resp. (Dkt.

19 # 22).) The court has reviewed the parties' submissions, the relevant portions of the

20 //

21 //

22 //

1  record, and the governing law.  Being fully advised,[1] the court GRANTS Vape Savvy and

2  Mr. Stanifer's motion to dismiss.

3                          **II.      BACKGROUND**

4          GS Holistic markets and sells products such as glass infusers that use the

5  "well-known trademark 'Stündenglass.'"  (Compl. (Dkt. # 1) ¶ 9.)  It alleges that it is the

6  registered owner of several Stündenglass trademarks (the "Stündenglass Marks"), has

7  worked to distinguish the Stündenglass brand as "the premier manufacturer of glass

8  infusers," and has devoted significant time, money, and resources to promoting and

9  protecting its trademarks.  (*Id.* ¶¶ 4, 9-11, 16; *see also id.* ¶ 12 (listing the Stündenglass

10  Marks).)

11          GS Holistic alleges that Defendants Vape Savvy, Mr. Stanifer, Eric Ward, and

12  Todd Wilson[2] sold counterfeit glass infusers bearing the Stündenglass Marks.  (*Id.*

13  ¶¶ 26-29; *see also id.* ¶ 31 (describing its investigator's purchase of a counterfeit glass

14  infuser from Vape Savvy's store in Redmond, Washington).)  It alleges Lanham Act

15  claims against Defendants for counterfeiting and trademark infringement under 15 U.S.C.

16  § 1114 and false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

17  (*Id.* ¶¶ 53-70.)

18

19  ───────────────

20  [1] Neither party requested oral argument (*see* MTD at 1; Resp. at 1) and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

21  [2] GS Holistic voluntarily dismissed Mr. Wilson from this action on June 19, 2023.  (*See* 6/19/23 Notice (Dkt. # 9).)  The court dismissed Mr. Ward from this action on February 20, 2024, because GS Holistic had failed to effect timely service.  (*See* 2/20/24 Order (Dkt. # 20).)

22

1    On March 13, 2023, GS Holistic filed a complaint in which it alleged that Vape

2 Savvy, Mr. Stanifer, Mr. Ward, and Mr. Wilson had infringed its trademarks by selling

3 counterfeit Stündenglass products in the Vape Savvy shop in Kirkland, Washington. (*See*

4 Compl., *GS Holistic, LLC v. Vape Savvy LLC*, No. C23-0373JLR (W.D. Wash. Mar. 13,

5 2023), Dkt. # 1 (hereinafter "C23-0373JLR").)  It filed the instant case against Vape

6 Savvy, Mr. Stanifer, Mr. Ward, and Mr. Wilson alleging sales of counterfeit products in

7 Vape Savvy's Redmond shop on March 19, 2023.  (*See* Compl.)  Aside from a handful of

8 allegations regarding the locations of the stores, the cities in which the individual

9 defendants reside, and the purchases of allegedly counterfeit glass infusers, GS Holistic's

10 complaint in C23-0373JLR is nearly identical to the complaint in this case.[3]  (*Compare*

11 *id.* ¶¶ 5-8, 31; *with* C23-0373JLR Compl. ¶¶ 5-8, 31.)  The parties agree that the two

12 actions name the same defendants.  (*See* MTD at 1-2 (explaining that Vape Savvy's

13 stores in Redmond and Kirkland are owned and operated by the same company); Resp. at

14 3 ("[T]he Plaintiff does not oppose that the parties in this action and [C23-0373JLR] are

15 the same.").)

16    The court granted GS Holistic's motion for entry of default against Defendants in

17 this case on February 12, 2024.  (2/12/24 Order (Dkt. # 14).)  Vape Savvy, however,

18 answered GS Holistic's complaint later that same day.  (Answer (Dkt. # 15).)  The court

19 subsequently granted the parties' stipulated motion to set aside the entry of default.  (*See*

20 2/14/24 Order (Dkt. # 19).)

21

22    [3] GS Holistic filed nearly 50 trademark actions in this District in 2023.  It has filed hundreds of similar actions nationwide.

1    Defendants filed their motion to dismiss on March 31, 2024.  (MTD.)  Briefing on

2    the motion was completed on April 12, 2024.  (*See* Resp.; Reply.)  The motion is now

3    ripe for decision.

## III.    ANALYSIS

5    Defendants urge the court to dismiss this matter as duplicative of C23-0373JLR.

6    (MTD at 4-6.)  In the alternative, if the court does not dismiss this matter as duplicative,

7    they argue that the court should dismiss GS Holistic's claims against Mr. Stanifer for

8    failure to state a claim.  (MTD at 6-10.)  The court begins by setting forth the standard of

9    review and then considers Defendants' motion to dismiss.

### A.    Standard of Review

11    Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for

12    "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

13    plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a

14    claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

15    (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed

16    factual allegations" are not required, the plaintiff must include more than "an unadorned,

17    the-defendant-unlawfully-harmed me accusation."  *Id.* (citing *Twombly*, 550 U.S. at 555)

18    (requiring the plaintiff to "plead[] factual content that allows the court to draw the

19    reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R.

20    Civ. P. 8(a).

21    //

22    //

1  **B.      Duplicative Actions**

2          Defendants argue that this action should be dismissed in its entirety because it is

3  duplicative of C23-0373JLR.  (MTD at 4-6.)  GS Holistic counters that Defendants'

4  motion must be denied because the two actions arise from separate transactions.  (Resp.

5  at 2-5.)  The court agrees with Defendants therefore grants their motion to dismiss.

6          Both parties cite *Adams v. California Department of Health Services* for the

7  standard for determining whether cases are duplicative.  (*See* MTD at 4-6 (citing *Adams*

8  *v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other*

9  *grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)); Resp. at 2-5 (same).)  That case

10  makes clear that "[p]laintiffs generally have 'no right to maintain two separate actions

11  involving the same subject matter at the same time in the same court and against the same

12  defendant.'"  *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70

13  (3d Cir. 1977) (*en banc*)).  "[I]n assessing whether the second action is duplicative of the

14  first, [the court] examine[s] whether the causes of action and relief sought, as well as the

15  parties or privies to the action, are the same."  *Id.* at 689.  Here, there is no dispute that

16  the parties named in the two actions are the same.  (*See* MTD at 1-2; Resp. at 3.)

17  Therefore, the court focuses its analysis on the causes of action and relief sought in the

18  two actions.

19          To determine whether the causes of action and relief are the same, courts in the

20  Ninth Circuit apply a "transaction test" that examines four factors:

21          (1) whether rights or interests established in the prior judgment would be
        destroyed or impaired by prosecution of the second action; (2) whether
22          substantially the same evidence is presented in the two actions; (3) whether

the two suits involve infringement of the same right; and (4) whether the two
suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199,

1201-02 (9th Cir. 1982)).  Because the last factor is the "most important," *id.*, the court

addresses it first before considering the remaining factors.

GS Holistic argues that its two actions against Vape Savvy do not arise out of the

same transactional nucleus of facts because they involve two separate purchases of two

different products at two different Vape Savvy locations.  (Resp. at 3-4.)  The court,

however, agrees with Defendants that the "transactional nucleus" is broader than the two

sales.  (*See* MTD at 5; Reply at 5.)  "Whether two events are part of the same transaction

or series depends on whether they are related to the same set of facts and whether they

could conveniently be tried together."  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d

985, 987 (9th Cir. 2005) (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.

1992)).  Here, both actions arise from alleged sales of counterfeit Stündenglass glass

infusers by the same set of defendants.  The court concludes that the claims in this case

and in C23-0373JLR "form a convenient trial unit" that can be litigated jointly.  *See*

*Mpoyo*, 430 F.3d at 987.  Therefore, the fourth and most important factor of the

transaction test is satisfied.

The court also agrees with Defendants that the remaining factors favor finding that

the actions are duplicative.  First, a final judgment in one case risks "destroy[ing] or

impair[ing]" a judgment in the other case because the key issue in both cases is whether

Vape Savvy violated GS Holistic's trademark rights.  Second, although evidence relating

1  to the two purchases will be different, evidence about GS Holistic's trademarks and

2  Defendants' procurement and sales of allegedly counterfeit products will likely be the

3  same in both actions.  And finally, the two suits involve infringement of the same right.

4  because both arise from Defendants' alleged infringement of the same set of trademarks.

5  Thus, because C23-0373JLR and this case involve the same parties and causes of action,

6  the court concludes that they are duplicative.

7         "After weighing the equities of the case, the district court may exercise its

8  discretion to dismiss a duplicative later-filed action, to stay that action pending resolution

9  of the previously filed action, to enjoin the parties from proceeding with it, or to

10  consolidate both actions." *Adams*, 487 F.3d at 688 (citing *Curtis v. Citibank, N.A.*, 226

11  F.3d 133, 138-39 (2d Cir. 2000)).  "If an action is dismissed because of claim-splitting,

12  the dismissed party can still assert its claim through the remaining action against the same

13  defendants regarding the same issues." *Clayton v. District of Columbia*, 36 F. Supp. 3d

14  91, 95 (D.D.C. 2014) (citing *Katz v. Gerardi*, 655 F.3d 1212, 1219 (10th Cir. 2011)); *see*

15  *also id.* at 96 (dismissing second lawsuit and holding that the first lawsuit, "amended to

16  include [plaintiff's] additional claims, is the proper vehicle for airing the additional

17  claims").  Having weighed the equities, the court concludes that the appropriate remedy

18  is to dismiss this action without prejudice to GS Holistic pursuing its claims based on the

19  sale of allegedly counterfeit glass infusers at Vape Savvy's Redmond shop in

20  C23-0373JLR.  Accordingly, the court GRANTS Defendants' motion to dismiss.

21         Because the court dismisses this matter as duplicative of C23-0373JLR, it need not

22  consider Defendants' motion in the alternative to dismiss GS Holistic's claims against

Mr. Stanifer for failure to state a claim.  (*See* MTD at 6-10.)  The court notes, however,

that it denied a nearly identical motion to dismiss GS Holistic's claims against Mr.

Stanifer and Mr. Ward in C23-0373JLR.  (*See* 4/19/24 Order (C23-0373JLR Dkt. # 32) at

4-8.)

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss

(Dkt. # 21) without prejudice to GS Holistic pursuing its claims against Vape Savvy and

Jason Stanifer in C23-0373JLR.

Dated this 22nd day of April, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 8